Filed 6/1/23  P. v. Young CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>RONALD DEE YOUNG,<br><br>        Defendant and Appellant. | A166313<br><br>(Solano County<br>Super. Ct. No. FC26089) |

In 1990, a jury convicted defendant Ronald Dee Young of first degree murder and other crimes against Dawn Barth, and he was sentenced to 32 years to life in prison.  This division affirmed the judgment in an unpublished opinion.  (*People v. Young* (Mar. 31, 1992, A050961).)

Decades later, the Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.), which amended Penal Code[1] sections 188 and 189 to alter liability for murder under the theories of felony murder and natural and probable consequences.  The bill also established a procedure, under former section 1170.95, now section 1172.6, for eligible defendants to petition for resentencing.  Young filed a petition for resentencing under the statute, and the trial court summarily denied it on the basis that he was Barth's actual killer.

---

[1] All further statutory references are to the Penal Code.

1

Young now appeals from the denial of his petition for resentencing. His appointed appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216, 221–222 (*Delgadillo*), which established the procedural framework for appellate courts to follow when counsel finds no arguable issues in a section 1172.6 appeal. Under that framework, we gave Young notice that he had a right to file a supplemental brief or his appeal could be dismissed. (See *Delgadillo*, at pp. 231–232.)

Young filed a letter in which he claims that he was improperly convicted of first degree murder because evidence that would have negated his intent to kill was not admitted, meaning he was effectively tried on a theory of felony murder. He also seeks to replace his appellate counsel on the basis that counsel failed to raise the felony-murder issue or any other issues under section 1172.6. But the only theory of first degree murder on which the jury was instructed was premeditated murder, and it is clear from the record that Young "was the actual killer and the only participant in the killing." (*Delgadillo*, *supra*, 14 Cal.5th at p. 233.) As a result, he is ineligible for relief under section 1172.6, and any potential procedural error in the denial of his resentencing petition was necessarily harmless. Accordingly, we deny his request for new counsel and affirm.

I.
FACTUAL AND PROCEDURAL
BACKGROUND

On October 28, 1988, Young shot Barth to death in the apartment the two shared. He was tried and convicted of first degree murder, as well as corporal injury to a cohabitant and false imprisonment by violence based on

an earlier incident involving Barth.[2]  The jury also found true the allegations that Young personally used a firearm during all three offenses.[3]

In August 1990, the trial court sentenced Young to 32 years to life in prison, composed of a term of three years for the corporal injury to a cohabitant and consecutive terms of two years for the accompanying firearm enhancement, 25 years to life for the murder, and two years for the accompanying firearm enhancement, plus concurrent terms of two years for the false imprisonment and two years for the accompanying firearm enhancement.  This court affirmed the judgment in March 1992.

Thirty years later, in 2022, Young submitted a petition for resentencing under former section 1170.95.  On a form petition, he checked boxes indicating that he met all the statutory requirements for relief, including that he "could not presently be convicted of murder or attempted murder because of changes made to Penal Code [sections] 188 and 189, effective January 1, 2019."  (See § 1172.6, subd. (a).)  He also requested that counsel be appointed to represent him.

In an accompanying brief, Young claimed that he "was denied a fair trial and was unjustly convicted of first degree murder" because evidence relevant to his mind state during the murder was not introduced at trial.  Specifically, he argued that evidence of his voluntary intoxication with methamphetamine and his underlying psychological problems would have supported an argument that he did not have the "ability to form the specific

---

[2] The convictions were under sections 187, subdivision (a) (murder), 273.5, subdivision (a) (corporal injury to cohabitant), and 236 (false imprisonment).

[3] The firearm allegations were found true under section 12022.5.  The jury also found that Young personally inflicted great bodily injury on Barth during the murder under section 1203.075, making him ineligible for probation.

intent to kill," meaning "he might not have been convicted of first degree murder." Young also claimed that the denial of his pretrial motion to sever the murder count from the other charges was "extremely prejudicial" because the events underlying the other charges "were used by the prosecution to show premeditation and deliberation for a first degree murder conviction."

The resentencing petition was not officially filed until August 2022, after the prosecution had filed a response to it. Later that month, the trial court summarily denied the petition without appointing counsel for Young or holding a hearing. In its order, the court stated that "[a] review of the Court file confirms [Young] was the actual killer and not entitled to relief under Penal Code Section 1170.95. He has failed to make a prima facie showing for relief." Young appealed from the denial, arguing in his notice of appeal that he did not have a specific intent to kill and that "not allowing him a proper hearing for malice under Penal Code section[s] 188 and 189" violated the law.

II.
DISCUSSION

Young argues that he is entitled to relief under section 1172.6 because evidence of his voluntary intoxication and mental-health issues was not introduced at trial. Below, he claimed that this evidence could have established he did not act with a specific intent to kill. On appeal, he reiterates this argument while also suggesting that the absence of such evidence amounted to the prosecution's trying him on a theory of felony murder.

Young's claim is meritless for two reasons. First, the jury was not instructed on felony murder, and we are unable to perceive how the omission of evidence that might have negated his specific intent amounted to trying him on such a theory. Rather, the jury was informed that it could convict him of first degree murder only if it found that Barth's killing was willful,

4

deliberate, and premeditated.  Thus, Young was not "convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime," as required to obtain relief under section 1172.6.  (§ 1172.6, subd. (a).)

Second, resentencing under section 1172.6 is "unavailable if the defendant was . . . the actual killer." (*People v. Strong* (2022) 13 Cal.5th 698, 710; *Delgadillo*, *supra*, 14 Cal.5th at p. 233.)  There is no dispute that Young actually killed Barth and, indeed, was the only person involved in causing her death.  As a result, even if he did not in fact act with express malice, he cannot obtain relief under section 1172.6.

Young also asks us to replace his appointed appellate counsel, based on their disagreements about strategy for this appeal.  As discussed, the claims Young himself raises lack merit.  Having exercised our discretion to perform an independent review of the record, we do not perceive any other arguable issues either.  (See *Delgadillo*, *supra*, 14 Cal.5th at p. 232.)  Since Young is categorically ineligible for relief under section 1172.6, any error in the trial court's disposition of his petition would be harmless under any standard. (See, e.g., *People v. Lewis* (2021) 11 Cal.5th 952, 957–958 [assessing prejudice from failure to appoint counsel under former section 1170.95].)  Therefore, we affirm the order denying his petition for resentencing and deny his request to appoint new appellate counsel.

### III.
### DISPOSITION

The August 24, 2022 order denying Young's petition for resentencing under former section 1170.95 is affirmed.

5

_____

Humes, P.J.

WE CONCUR:


_____

Margulies, J.


_____

Banke, J.


*People v. Young*  A166313